Date signed May 18, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| WILLIAM EDWARD McCHESNEY, JR. | : | Case No. 10-10824PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MICHAEL G. WOLFF, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 11-0293PM |
| | : | |
| WILLIAM EDWARD McCHESNEY, JR. | : | |
| BRIDGET McCHESNEY | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case comes before the court on the Amended Complaint of Michael G Wolff, Trustee of the estate of the Debtor, for Avoidance and Recovery of Conveyances and for Revocation of Debtor's Discharge. The Complaint was filed in five counts, however, by an Order entered February 9, 2012, Counts II-V were settled, leaving only the issue of whether Debtor's discharge entered February 8, 2011, should be revoked.

This is a tragic case. Debtor appeared credible in all respects and forthcoming in his testimony. He is in poor health, as demonstrated by the seizure that he suffered in the course of the trial that resulted in the termination of his examination by his counsel. By agreement between the parties, the rest of what Debtor would have testified to was the subject of a proffer by his counsel. The Debtor and his wife are not sophisticated people. Finding themselves in

poor financial circumstances, they fell into the hands of a debt consolidation entity that appears to have been nothing more than a "rip-off." (If this is in fact the case, perhaps the sums paid are subject to review and disgorgement. *See, Hearn v. Persels & Associates, P.L.L.C.*, 2011 WL 5357849 (BC M.D.N.C. 2011). The case is overlaid by the fact that the McChesneys' home loan administered by BAC Home Loans Servicing, LP ("BAC") is unrecorded. This added to the unfortunate scenario, because the unsecured claim obliterated Debtor's chances to file a successful case under Chapter 13 in that his debts exceeded the limitations of 11 U.S.C. § 109(e). This left Debtor with a choice between Chapter 7 and Chapter 11, but success in the latter is essentially impossible for an individual debtor in Mr. McChesney's circumstances. In exchange for the payment of $25,000.00, the Trustee agreed to permit BAC to pursue equitable subordination claims against the Debtor and his wife. This application was approved by the court.

       11 U.S.C. § 727(d)(1) provides:

> **11 U.S.C. § 727. Discharge**
> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
>> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

       The Trustee called only the Debtor and his wife as witnesses. Through their testimony and the exhibits admitted into evidence, the Trustee proved by clear and convincing evidence that the income of the Debtor and his wife was severely understated on Debtor's Schedules as originally filed on January 14, 2010, and on Amended Schedules I & J filed June 18, 2010, as well as on his Statement of Current Monthly Income (Ex. #5) and on his Chapter 13 Statement of Current Monthly Income that reflected an average monthly figure for gross income of $4,324.98 for the six months preceding the filing of the petition. This was belied by the joint tax return for the year that reported income of $87,712.00, for an average of $7,901.00 a month. With average monthly expenses scheduled at $2,780.51, Debtor would have had no chance of surviving a motion to dismiss this case under 11 U.S.C. § 707(b). There was no doubt that the requirement of 11 U.S.C. § 707(b)(2)(A) would create an irrebuttable presumption of abuse. Debtor's Statement of Financial Affairs similarly understated his income for the years 2007 and 2008.

       The court finds as a fact that the Trustee did not know of the Debtor's material

misstatements of the family income until well after the discharge was issued.  The Trustee became aware of them after the documents that form the foundation of his case were delivered to him well after the discharge.  Until the Trustee received these documents, he had no way of knowing the falsity of the filings by the Debtor.  Like the Debtor, who testified that he did not realize the errors throughout his filings until the trial, the Trustee did not become aware of the cause of action until he received the documents from the Debtor.

Here, the Debtor was careless and inattentive throughout the more than two years that this case has been pending.  What is particularly hurtful to him is his failure to correct the errors in the amended schedules filed five months after his original filing.  In *Dean v. McDow*, 299 B.R. 133, 139-140 (E.D. Va. 2003), a case somewhat similar to this, the court stated the applicable law:

> C. False Oaths
>
> To prevail on its complaint seeking revocation of discharge under 11 U.S.C. § 727(d)(1), the U.S. Trustee was required to prove that (1) Dean obtained a discharge through fraud, and (2) the Trustee was not aware of the alleged fraud prior to discharge.  To prove that Dean obtained her discharge by fraud, the U.S. Trustee was required to show that (1) Dean knowingly and fraudulently made a false oath in or in connection with the bankruptcy proceeding, and (2) the oath concerned a material fact. 11 U.S.C. § 727(a)(4)(A).  Dean has not disputed that her schedules and Statement of Financial Affairs contained false oaths.  Instead, she argues that she lacked fraudulent intent, and that her omissions were de minimus.  The bankruptcy court's determination of fraud is a factual finding which is reviewed for clear error.  The bankruptcy court did not commit clear error in determining that Dean knowingly and fraudulently made false oaths, and that the oaths concerned material facts.
>
> 1. Knowingly and Fraudulently
>
> The requirement that false oaths have been made "fraudulently" may be satisfied in one of two ways. *Hatton v. Spencer ( In re Hatton*), 204 B.R. 477, 484 (E.D.Va.1997).  First, fraudulent intent may be established by circumstantial evidence, or by inference drawn from a course of conduct. *Id.*  Second, proof of a "reckless indifference to the truth" constitutes the "functional equivalent of fraud." *Id*. (*quoting In re Johnson*, 139 B.R. 163, 166 (Bankr.E.D.Va.1992)).  "[B]ecause a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor, deference to the bankruptcy court's factual findings is particularly appropriate." *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir.1987).
>
> The evidence presented at trial easily supports the second method of finding fraudulent intent. While any single omission or error may be the result of

an innocent mistake, multiple inaccuracies are evidence of "a pattern of reckless and cavalier disregard for the truth serious enough to supply the necessary fraudulent intent required by § 727(a)(4)(A)." *Hatton*, 204 B.R. at 484 (*quoting In re Johnson*, 139 B.R. at 170). Dean's argument that she did not pay close attention to her bankruptcy papers emphasizes rather than undermines a finding of fraudulent intent: "A mere 'glance over' merely corroborates the evidence that the debtors recklessly or wilfully made a false oath within the meaning of 727(a)(4)." *Id*. at 485 (*quoting In re Sims*, 148 B.R. 553, 557 (BC.E.D.Ark.1992)). The court can find no error in the bankruptcy court's conclusion that Dean's failure to read her bankruptcy papers constituted a reckless indifference to the truth and the functional equivalent of fraud.

Denial of discharge is a dreadful result, but under the facts presented the court has no other option. An appropriate order will be entered.

cc:
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
John C. Gordon, Esq., 532 B & A Boulevard, Severna Park, MD 21156
William E. McChesney, Jr., 715 Kings Lane, Fort Washington, MD 20744
Bridget McChesney, 715 Kings Lane, Fort Washington, MD 20744
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**